UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR., <br><br> Plaintiff, <br><br> v. <br><br> J. WILSON, <br><br> Defendant. | CASE No. 1:14-cv-01605-LJO-MJS <br><br> FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS <br><br> (ECF No. 2) <br><br> FOURTEEN (14) DAY OBJECTION DEADLINE |

Plaintiff Richard Jose Dupree, Jr. is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 1, 2014, Plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has had three or more

actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief maybe granted.[1] To meet the imminent danger exception, the complaint must plausibly allege "that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

Plaintiff alleges he exposed himself to a female prison official and was issued a rules violation report in violation of his rights. The Complaint gives no indication that Plaintiff faced any danger.

The undersigned concludes that Plaintiff's in forma pauperis application should be denied because he accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated. 28 U.S.C. § 1915(g). Plaintiff should be provided with the opportunity to pay the filing fee in full.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis application (ECF No. 2) should be DENIED,

2. Plaintiff should be required to pay the $400 filing fee in full within twenty-one days of adoption of these Findings and Recommendations, and

3. If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of these Findings and Recommendations, all pending motions should be terminated and this action dismissed without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

---

[1] The Court takes judicial notice of the following United States District Court cases: Dupree v. Santiago, et al., 2:11-cv-00309-EFB (E.D. Cal.) (dismissed February 22, 2011 for failure to state a claim; affirmed on appeal, mandate issued July 28, 2011); Dupree v. Mills, 2:11-cv-01619-JAM-DAD (E.D. Cal.) (dismissed March 29, 2012 for failure to state a claim; no appeal filed); and Dupree v. U.S. Copyright Off., 2:11-cv-01700-WBS-KJN (E.D. Cal.) (dismissed July 28, 2011 as frivolous and for failure to state a claim; appeal dismissed on December 22, 2011 for failure to pay filing fee). These strikes were final prior to the date Plaintiff filed this action. Silva v. Di Vittorio, 658 F.3d 1090, 1098-1100 (9th Cir. 2011).

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 6, 2014         /s/ *Michael J. Seng*
                                                              UNITED STATES MAGISTRATE JUDGE